**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| DAVID SCANLON, on behalf of himself and others similarly situated, | : | CIVIL ACTION FILE NO. |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **COMPLAINT – CLASS ACTION** |
| | : | |
| MANSCAPED, LLC | : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |
| | : | |

Plaintiff David Scanlon (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

**<u>NATURE OF ACTION</u>**

1.      "If robocalls were a disease, they would be an epidemic." *Rage Against Robocalls*, Consumer Reports (July 28, 2015, 6:00 AM), ttps://www.consumerreports.org/cro/magazine/ 2015/07/rage-against-robocalls/index.htm. "Robocalls" are the number one consumer complaint in America today.

2.      Even as far back as 2012, the Pew Research Center reported 69 percent of cellular users who use text messaging receive unwanted text message spam, with 25 percent of them receiving it on a weekly basis.  Jan Lauren Boyles and Lee Rainie, *Mobile Phone Problems*, Pew Research Center (Aug. 2, 2012), http://www.pewinternet.org/2012/08/02/mobile-phone-problems.

3.      Robocalls, including automated calls have only increased since the 2012 study. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls (statement of FCC Chairman).

4.      "The FTC receives more complaints about unwanted calls than all other complaints combined." Comment of the Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the TCPA of 1991, Notice of Proposed Rulemaking*, CG Docket No. 02-278, at p. 2; FCC 16-57 (June 6, 2016), *available at* https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf.

5.      This case involves a campaign by Manscaped LLC ("Manscaped") to market its services through the use of automated telemarketing calls in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

6.      Moreover, Manscaped's telemarketer sent multiple calls to residential telephone numbers that are registered on the National Do Not Call List (hereafter "NDNC"), which is a separate and additional violation of the TCPA. The recipients of these illegal calls, which include Plaintiff and the proposed classes, are entitled to damages under the TCPA.

## **PARTIES**

7.      Plaintiff is, and at all times mentioned herein was, an individual citizen of Massachusetts.

8.      Defendant Manscaped LLC is a California limited liability company.

## JURISDICTION AND VENUE

9.      The Court has subject matter jurisdiction pursuant to the Class Action Fairness

Act of 2005 ("hereinafter referred to as CAFA") codified as 28 U.S.C. 1332(d)(2).  The matter in

controversy exceeds $5,000,000, in the aggregate, exclusive of interest and costs, as each member

of the proposed Class of thousands is entitled to up to $1,500.00 in statutory damages for each call

that has violated the TCPA.  Further, Plaintiff alleges a national class, which will result in at least

one Class member from a different state.

10.     This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and

47 U.S.C. § 227 *et seq*.

11.     This Court has personal specific jurisdiction over Manscaped because the

company made telemarketing calls and offered its services to the Plaintiff in this District and

directed those telemarketing calls into this District.

12.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff is a resident

of this District, which is where he received the illegal telemarketing calls that are the subject of

this putative class action lawsuit.

## TCPA BACKGROUND

Calls Made Using an "Automated Telephone Dialing System"

13.     The TCPA regulates, among other things, the use of a pre-recorded message or an

automated telephone dialing system ("ATDS") to make calls or send automated calls.  *See* 47

U.S.C. § 227, *et seq.*; *In re Rules and Regulations Implementing the Telephone Consumer

Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

14.     Specifically, the TCPA prohibits the use of an automated telephone dialing system to make any telemarketing call or send any telemarketing text message to a wireless number in the absence of an emergency or the prior express written consent of the called party. *See* 47 U.S.C.  § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

15.     The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." § 227(a)(1)(A)-(B).  The first component of this definition is satisfied when a dialing system has the capacity to call "a given set of numbers" or when "dialing equipment is paired with . . . a database of numbers."  *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14,014, ¶ 133 (2003); *see In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C. Rcd. 559, 566 (F.C.C. 2008) (rejecting argument that a dialing system "meets the definition of autodialer only when it randomly or sequentially generates telephone numbers, not when it dials numbers from customer telephone lists" and reasoning that "the teleservices industry had progressed to the point where dialing lists of numbers was far more cost effective"); *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1051 (9th Cir. 2018) (holding that "equipment that made automatic calls from lists of recipients was . . . covered by the TCPA").

16.     "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person."  47 C.F.R. § 64.1200(f)(12).

17.     "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered."  47 C.F.R. § 64.1200(f)(8).

The National Do Not Call Registry

18.     Second, § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

19.     In this rulemaking proceeding, the FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of … company-specific 'do not call systems …)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

20.     Pursuant to this statutory mandate, the FCC issued two regulations, only one of which is relevant here.

21.     The relevant regulation under § 227(c) established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer*

*Protection Act of 1991*, 7 FCC Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

22.     The FCC found that "the company-specific do-not-call list alternative is the most effective and efficient means to permit telephone subscribers to avoid unwanted telephone solicitations." *Id.* at 8765, ¶ 23.

23.     However, recognizing that an honor system would probably be insufficient, the FCC found that it "must mandate procedures for establishing company-specific do-not-call lists to ensure effective compliance with and enforcement of the requirements for protecting consumer privacy." *Id.* at ¶ 24.

24.     A violation of § 227(c) through 47 C.F.R. § 64.1200(d) carries statutory damages of $500 to $1,500 per call.

25.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

26.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

27.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## **FACTUAL ALLEGATIONS**

28.     Defendant Manscaped is a "person" as the term is defined by 47 U.S.C. § 153(39).

29.     At no point has Plaintiff Mr. Scanlon sought out or solicited information regarding Defendant Manscaped's services.

30.     Mr. Scanlon's telephone number, XXX-XXX-8310, is registered to a cellular telephone service.

31.     Mr. Scanlon's telephone number, XXX-XXX-8310, was registered on the National Do Not Call Registry on June 28, 2003.

32.     Mr. Scanlon's cellular telephone number is used for personal, non-commercial purposes.

33.     Mr. Scanlon does not have a business that is associated with his cellular telephone number.

34.     Mr. Scanlon received several telemarketing calls from Manscaped on at least January 21, 2020, March 13, 2020 and March 20, 2020.

35.     Images of the text messages are below:







**2:30**                                    LTE

<  1

+1 (858) 304-7896  >

Text Message
**Today** 1:45 PM

Friday the 13th Special! Try the
MANSCAPED Lawn Mower 3.0
for only $39.99 with free
shipping! manscaped.com/
friday13th Reply STOP to opt
out



36.     In sending the unsolicited text messages at issue, the Defendant employed the use of an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone number to be called, using a random or sequential number generator.

37.     This is evident from the circumstances surrounding the text messages, including the text message's commercial content and that they were sent from a long code, which is consistent with the use of an automatic telephone dialing system to send text messages.

38.     This is further evident by the fact that the text messages were not personalized and clearly prepared for mass transmission.

39.     The calls received by Plaintiff were sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services as it seeks to have him sign up for Manscaped's services.  This message therefore qualified as telemarketing.  47 C.F.R. § 64.1200(f)(12).

40.     The calls were not necessitated by an emergency.

41.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls.  Plaintiff and the Class Members were also harmed by use of their cell phone battery and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

42.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

43.     Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

44.     Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**Robodialing Class:** All persons in the United States who, within four years prior to the commencement of this litigation until the class is certified, received one or more autodialed calls on their cellular telephone from or on behalf of the Manscaped, sent via the same, or substantially similar, system used to contact the Plaintiff.

**National Do Not Call Registry Class**: All persons in the United States whose telephone numbers were on the National Do Not Call Registry for at least 30 days, but who received more than one telephone solicitation telemarketing call from or on behalf of the Manscaped with a 12-month period, from four years prior the filing of the Complaint.

45.     Mr. Scanlon is a member of and will fairly and adequately represent and protect the interests of, these Classes as he has no interests that conflict with any of the class members.

46.     Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

47.     Plaintiff and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their cell phone battery, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

48.     This Class Action Complaint seeks injunctive relief and money damages.

49.     The Classes as defined above are identifiable through dialer records, other phone records, and phone number databases.

50.     Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each class.

51.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

52.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

53.     There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

54.     There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

    (a) whether an automatic telephone dialing system to send its to the members of the Robocall Class;

    (b) Whether agents operating on behalf of Defendant utilized an automatic telephone dialing system in sending automated calls to members of the Robocall Class;

    (c) whether multiple telemarketing telephone calls were made promoting the Defendant's goods or services to members of the National Do Not Call Registry Class;

    (d) whether the telemarketing calls at issue were made to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

    (e) whether Defendant's conduct constitutes a violation of the TCPA; and

    (f) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

55.     Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes.  Plaintiff has no interests which are antagonistic to any member of the Classes.

56.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

57.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

58.     The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

59.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## <u>FIRST CAUSE OF ACTION</u>
**Statutory Violations of the Telephone Consumer Protection Act
(47 U.S.C. 227, et seq.) on behalf of the Robocall Class**

60.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

61.     The Manscaped violated the TCPA by sending, or causing to be sent via an agent, automated calls to the cellular telephones of Plaintiff and members of the Robocall Class using an automated dialer without their prior express written consent.

62.     As a result of Manscaped's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

63.     The Plaintiff and Robocall Class Members are entitled to an award of treble damages if their actions are found to have been knowing or willful.

64.     Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising their goods or services, except for emergency purposes, using an ATDS or pre-recorded voice in the future.

**SECOND CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227, et seq. and 47 C.F.R. §§ 64.1200(d))**
**on behalf of the National Do Not Call Registry Class**

65.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

66.     Manscaped violated the TCPA and the Regulations by making, or having its agent make, two or more telemarketing automated calls within a 12-month period on Manscaped's behalf to Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

67.     As a result of Manscaped's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

68.     Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising their goods or services,

except for emergency purposes, to any number on the National Do Not Call Registry in the future.

69.     Manscaped's violations were knowing or willful.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.     Injunctive relief prohibiting Manscaped from calling telephone numbers advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry or to any cellular telephone numbers using a prerecorded voice in the future;

B.     As a result of Manscaped's violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Robocall Class member up to treble damages, as provided by statute, of $1,500 for each and every violation of the TCPA;

C.     As a result of Manscaped's willful and/or knowing violations of 47 C.F.R. § 64.1200(d), Plaintiff seeks for himself and each member of the National Do Not Call Registry Class up to treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

D.     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

E.     Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

<div style="margin-left:50%">

PLAINTIFF,
By his attorneys

*/s/ Anthony I. Paronich*
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Matthew P. McCue
THE LAW OFFICE OF MATTHEW
P. MCCUE
1 South Avenue, Suite 3
Natick, MA 01760
Telephone: (508) 655-1415
mmccue@massattorneys.net

Alex M. Washkowitz
Jeremy Cohen
CW LAW GROUP, P.C.
188 Oaks Road Framingham, MA
01701
alex@cwlawgrouppc.com

Edward A. Broderick
BRODERICK LAW, P.C.
99 High St., Suite 304
Boston, MA 02110
Telephone: (617) 738-7080
ted@broderick-law.com

</div>

Dated:  April 23, 2020