## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

DAVID SCANLON, on behalf of himself and     :
others similarly situated,     :    CIVIL ACTION FILE NO. 1:20-cv-10795-
                                    :    JGD
        Plaintiff,                    :
                                      :
v.                                        :
                                      :
MANSCAPED, LLC                :
                                      :
        Defendant.               :
                                      :
_____/

## **DEFENDANT MANSCAPED LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Manscaped, LLC ("Defendant") answers the Complaint of Plaintiff David Scanlon, on behalf of himself and others similarly situated (the "Complaint"), as follows:

### **NATURE OF ACTION**

1.      In response to Paragraph 1 of the Complaint, Defendant states that it lacks sufficient knowledge or information to either admit or deny the allegations contained therein and, on that basis, denies each and every allegations contained in Paragraph 1.

2.      In response to Paragraph 2 of the Complaint, Defendant states that it lacks sufficient knowledge or information to either admit or deny the allegations contained therein and, on that basis, denies each and every allegations contained in Paragraph 2.

3.      In response to Paragraph 3 of the Complaint, Defendant states that it lacks sufficient knowledge or information to either admit or deny the allegations contained therein and, on that basis, denies each and every allegations contained in Paragraph 3.

4.      In response to Paragraph 4 of the Complaint, Defendant states that it lacks sufficient knowledge or information to either admit or deny the allegations contained therein and, on that basis, denies each and every allegations contained in Paragraph 4.

5.      In response to Paragraph 5 of the Complaint, Defendant states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that it violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

6.      In response to Paragraph 6 of the Complaint, Defendant states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that it violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* Defendant also denies that Plaintiff, or any member of the proposed classes, are entitled to damages.

## PARTIES

7.      In response to Paragraph 7 of the Complaint, Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained therein and, on that basis, denies each and every allegation contained in Paragraph 7.

8.      In response to Paragraph 8 of the Complaint, Defendant admits the allegations contained therein.

## JURISDICTION AND VENUE

9.      In response to Paragraph 9 of the Complaint, Defendant states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 9.

10.      In response to Paragraph 10 of the Complaint, Defendant states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 10.

11.      In response to Paragraph 11 of the Complaint, Defendant states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 11.

12.      In response to Paragraph 12 of the Complaint, Defendant states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to either admit or deny the allegations

contained in Paragraph 12 of the Compliant, and, on that basis, denies each and every allegations contained therein.

## TCPA BACKGROUND

13.     In response to Paragraph 13 of the Complaint, Defendant states that the provisions of 47 U.S.C. § 227, *et seq*. speak for themselves. Defendant also states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 13.

14.     In response to Paragraph 14 of the Complaint, Defendant states that the provisions of 47 U.S.C. § 227, *et seq*. speak for themselves. Defendant also states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 14.

15.     In response to Paragraph 15 of the Complaint, Defendant states that the provisions of 47 U.S.C. § 227, *et seq*., the cited rules, regulations, guidance and authorities speak for themselves. Defendant also states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 15.

16.     In response to Paragraph 16 of the Complaint, Defendant states that the provisions of 47 C.F.R. § 64.1200(f)(12) speak for itself.  Defendant also states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 16.

17.     In response to Paragraph 17 of the Complaint, Defendant states that the provisions of 47 C.F.R. § 64.1200(f)(8) speak for itself.  Defendant also states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 17.

18.     In response to Paragraph 18 of the Complaint, Defendant states that the provisions of 47 U.S.C. § 227(c)(1), *et seq*. speak for themselves. Defendant also states that this Paragraph

contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 18.

19.     In response to Paragraph 19 of the Complaint, Defendant states that the provisions of 47 U.S.C. § 227(c)(1)(A), (E), *et seq*. speak for themselves. Defendant also states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 19.

20.     In response to Paragraph 20 of the Complaint, Defendant states the regulations of the FCC speak for themselves.  Defendant also states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 20.

21.     In response to Paragraph 21 of the Complaint, Defendant states the regulations of the FCC speak for themselves.  Defendant also states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 21.

22.     In response to Paragraph 22 of the Complaint, Defendant states the regulations of the FCC speak for themselves.  Defendant also states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 22.

23.     In response to Paragraph 23 of the Complaint, Defendant states the regulations of the FCC speak for themselves.  Defendant also states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 23.

24.     In response to Paragraph 24 of the Complaint, Defendant states that the provisions of 47 U.S.C. § 227, *et seq.,* and 47 C.F.R. § 64.1200(d) speak for themselves.  Defendant also states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 24.

25.     In response to Paragraph 25 of the Complaint, Defendant states that the provisions of 47 C.F.R. § 64.1200(c)(2) speak for itself.  Defendant also states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 25.

26.     In response to Paragraph 26 of the Complaint, Defendant states that the provisions of 47 C.F.R. § 64.1200(c)(2) speak for itself.  Defendant also states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 26.

27.     In response to Paragraph 27 of the Complaint, Defendant states that the provisions of 47 U.S.C. § 227, *et seq.,* and 47 C.F.R. § 64.1200(d) speak for themselves.  Defendant also states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 27.

## FACTUAL ALLEGATIONS

28.     In response to Paragraph 28 of the Complaint, Defendant states that the provisions of 47 U.S.C. § 153 speak for themselves.  Defendant also states that this Paragraph contains legal conclusions to which no response is required.

29.     In response to Paragraph 29 of the Complaint, Defendant denies the allegations contained therein.

30.     In response to Paragraph 30 of the Complaint, Defendant states that it lacks sufficient knowledge or information to either admit or deny the allegations contained therein and, on that basis, denies each and every allegations contained in Paragraph 30.

31.     In response to Paragraph 31 of the Complaint, Defendant states that it lacks sufficient knowledge or information to either admit or deny the allegations contained therein and, on that basis, denies each and every allegations contained in Paragraph 31.

32.     In response to Paragraph 32 of the Complaint, Defendant states that it lacks sufficient knowledge or information to either admit or deny the allegations contained therein and, on that basis, denies each and every allegations contained in Paragraph 32.

33.     In response to Paragraph 33 of the Complaint, Defendant states that it lacks sufficient knowledge or information to either admit or deny the allegations contained therein and, on that basis, denies each and every allegations contained in Paragraph 33.

34.     In response to Paragraph 34 of the Complaint, Defendant states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained therein and, on that basis, denies each and every allegations contained in Paragraph 34.

35.     In response to Paragraph 35 of the Complaint, Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained therein and, on that basis, denies each and every allegations contained in Paragraph 35.

36.     In response to Paragraph 36 of the Complaint, Defendant states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained therein and, on that basis, denies each and every allegations contained in Paragraph 36.

37.     In response to Paragraph 37 of the Complaint, Defendant states that this Paragraph contains legal conclusions to which no response is required.  Defendant otherwise lacks sufficient knowledge or information to either admit or deny the allegations contained therein and, on that basis, denies each and every allegations contained in Paragraph 37.

38.     In response to Paragraph 38 of the Complaint, Defendant states that this Paragraph contains legal conclusions to which no response is required.  Defendant otherwise lacks sufficient knowledge or information to either admit or deny the allegations contained therein and, on that basis, denies each and every allegations contained in Paragraph 38.

39.     In response to Paragraph 39 of the Complaint, Defendant states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained therein and, on that basis, denies each and every allegations contained in Paragraph 39.

40.     In response to Paragraph 40 of the Complaint, Defendant states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained therein and, on that basis, denies each and every allegations contained in Paragraph 40.

41.     In response to Paragraph 41 of the Complaint, Defendant states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained therein and, on that basis, denies each and every allegations contained in Paragraph 41.

### CLASS ACTION ALLEGATIONS

42.     For its response to Paragraph 42 of the Complaint, Defendant incorporates by reference his respective responses to Paragraphs 1-41, inclusive, of this Answer as if said responses were set forth herein.

43.     In response to Paragraph 43 of the Complaint, Defendant states that the provisions of Federal Rule of Civil Procedure 23 speak for themselves. Defendant also states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 43, denies that this case can be certified as to either proposed class.  Defendant also lacks sufficient knowledge or information to determine whether Plaintiff is an appropriate representative to either proposed class.

44.     In response to Paragraph 44 of the Complaint, Defendant admits that Plaintiff proposes to represent two classes in this action, however, Defendant denies that either class can be certified as to either class and lacks sufficient knowledge or information to determine whether Plaintiff is an appropriate representative of either proposed class.

45.      In response to Paragraph 45 of the Complaint, Defendant states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 45, denies that either class can be certified and lacks sufficient knowledge or information to determine whether Plaintiff is an appropriate representative of either proposed class.

46.     In response to Paragraph 46, Defendant admits that Plaintiff proposes excluding certain individuals and entities from the proposed classes, however, Defendant denies that either class can be certified.

47.     In response to Paragraph 47, Defendant denies the allegations contained therein, denies that either proposed class can be certified and lacks sufficient knowledge or information to determine whether Plaintiff is an appropriate representative of either proposed class.

48.     In response to Paragraph 48 of the Complaint, Defendant admits that the Complaint seeks injunctive and monetary relief, but denies that Plaintiff, both individually and as a representative of any proposed class, is entitled to any form of relief. Defendant also denies that either class can be certified.

49.     In response to Paragraph 49 of the Complaint, Defendant denies the allegations contained therein. Defendant also denies that either proposed class can be certified.

50.     In response to Paragraph 50 of the Complaint, Defendant denies the allegations contained therein, denies that either proposed class can be certified and lacks sufficient knowledge or information to determine whether Plaintiff is an appropriate representative of either proposed class.

51.     In response to Paragraph 51 of the Complaint, Defendant states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained therein, denies that either proposed class can be certified.

52.     In response to Paragraph 52 of the Complaint, Defendant states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained therein, denies that either proposed class can be certified.

53.     In response to Paragraph 53 of the Complaint, Defendant states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required,

Defendant denies the allegations contained therein, and denies that either proposed class can be certified.

54.     In response to Paragraph 54 of the Complaint, Defendant states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained therein, and denies that either proposed class can be certified.

55.     In response to Paragraph 55 of the Complaint, Defendant states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained therein, denies that either proposed class can be certified and lacks sufficient knowledge or information to determine whether Plaintiff is an appropriate representative of either proposed class.

56.     In response to Paragraph 56 of the Complaint, Defendant states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained therein, denies that either proposed class can be certified and lacks sufficient knowledge or information to determine whether Plaintiff or counsel is an appropriate representative of either proposed class.

57.     In response to Paragraph 57 of the Complaint, Defendant states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained therein, and denies that either proposed class can be certified.

58.     In response to Paragraph 58 of the Complaint, Defendant states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained therein, and denies that either proposed class can be certified.

59.     In response to Paragraph 59 of the Complaint, Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained therein and, on that basis, denies each and every allegations contained in Paragraph 59.

**FIRST CAUSE OF ACTION**
**Statutory Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227, et seq.) on behalf of the Robocall Class**

60.     For its response to Paragraph 60 of the Complaint, Defendant incorporates by reference his respective responses to Paragraphs 1-59, inclusive, of this Answer as if said responses were set forth herein.

61.     In response to Paragraph 61 of the Complaint, Defendant states that the provisions of the TCPA speak for themselves.  Defendant also states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 61.

62.     In response to Paragraph 62 of the Complaint, Defendant states that the provisions of 47 U.S.C. § 227, *et seq.* speak for themselves.  Defendant also states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 62.

63.     In response to Paragraph 63 of the Complaint, Defendant states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 63.

64.     In response to Paragraph 64 of the Complaint, Defendant states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 64.

**SECOND CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227, et seq. and 47 C.F.R. §§ 64.1200(d))**
**on behalf of the National Do Not Call Registry Class**

65.     For its response to Paragraph 65 of the Complaint, Defendant incorporates by reference his respective responses to Paragraphs 1-64, inclusive, of this Answer as if said responses were set forth herein.

66.     In response to Paragraph 66 of the Complaint, Defendant states that the provisions of the TCPA speak for themselves.  Defendant also states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 66.

67.     In response to Paragraph 67 of the Complaint, Defendant states that the provisions of 47 U.S.C. § 227, *et seq.* speak for themselves.  Defendant also states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 67.

68.     In response to Paragraph 68 of the Complaint, Defendant states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 68.

69.     In response to Paragraph 69 of the Complaint, Defendant denies the allegations contained therein.

## PRAYER FOR RELIEF

In response to the Prayer for Relief paragraphs contained in the Complaint, Defendant denies that it has violated any applicable provision of the Telephone Consumer Protection Act, denies that it committed any wrongdoing and denies that Plaintiff or the putative classes identified in the Complaint are entitled to any of the relief sought in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent the Complaint related to conduct that occurred beyond the applicable statute of limitations, such claims are barred.

### THIRD AFFIRMATIVE DEFENSE

The claims of the Plaintiff, and any purported class member, are barred by the waiver doctrine.

11

## FOURTH AFFIRMATIVE DEFENSE

The claims of Plaintiff, and any purported class member, are barred pursuant to the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

The activities and conduct of the Defendant were undertaken with the prior express consent of the Plaintiff and any purported class members, or persons acting on their behalf. As a result, Plaintiff's claims are barred.

## SIXTH AFFIRMATIVE DEFENSE

The claims of Plaintiff, and any purported class member, are barred because Defendant reasonably relied on the express consent received from Plaintiff and other purported class members.

## FIFTH AFFIRMATIVE DEFENSE

The penalties should by Plaintiff, as set forth in the Telephone Consumer Protection Act are excessive, severe and oppressive and disproportionate to the conduct at issue and the purported harm, if any, sustained by the Plaintiff and the purported class members.

## SIXTH AFFIRMATIVE DEFENSE

The claims of Plaintiff, and any purported class member, are barred because neither Plaintiff nor any purported class member suffered any damage or harm as a result of the calls at issue.

## SEVENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff, and any purported class member, are barred because to the extent any damage was sustained, such damages are *de minimis* and non-actionable, which deprives this Court of subject matter jurisdiction.

## EIGHTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and any purported class member are barred, or damages reduced, to the extent the calls were made due to the negligent, intentional act or omissions of Plaintiff or any purported class member.

## NINTH AFFIRMATIVE DEFENSE

The claims of Plaintiff, and any purported class member, are barred, or damages must be reduced, due to Plaintiff, and any purported class member's, failure to mitigate their alleged damages.

## TENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff, and any purported class member, are barred in whole or in part because the alleged damages to Plaintiff and any purported class member were caused in whole or in part by acts or omissions of third parties.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff, and any purported class member, are barred because the calls at issue were invited and made pursuant to an established business relationship.

## TWELFTH AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over Defendant for claims by purported class members residing outside of Massachusetts, that have no connection with Massachusetts or that did not receive the class at issue in Massachusetts.  Therefore, no "non-Massachusetts" members can be included within at certified class.

## THIRTEENTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over this action because Plaintiff lacks standing and prudential standing to bring this claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over the class allegations where none of the allegations relate to conduct occurring in Massachusetts.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent there has been any violation of the Telephone Consumer Protection Act, which is expressly denied by Defendant, Defendant should be liable for no greater than a $500 penalty insofar as Defendant did not willfully and knowingly violate the TCPA. See 47 U.S.C. § 227(b)(3).

## SIXTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff, and any purported class member, are barred, or damages must be reduced because Defendant's practices and procedures reasonably and in good faith seek to comply with applicable provisions of the Telephone Consumer Privacy Act.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff, and any purported class member, are barred due to existence of mandatory binding arbitration clause.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert such additional defenses in the event that further discovery, investigation or analysis indicate they are proper.

## DEFENDANT'S PRAYER FOR RELIEF

Defendant respectfully prays:

1.      That Plaintiff take nothing on the claims alleged in the Complaint;

2.      That Plaintiff's complaint be dismissed with prejudice;

3.      That Defendant be awarded its reasonable fees and costs, including attorney's fees, incurred in this action;

4.      For such other and additional relief as the Court deems just and proper.

Respectfully submitted,

MANSCAPED, LLC

By its attorneys,

*/s/ Daniel Dwyer* _____
Daniel J. Dwyer (BBO No. 567026)
VERRILL DANA LLP
One Federal Street, 20th Floor
Boston, MA 02110
Tel: (857) 383-2622
E-mail: ddwyer@verrill-law.com


Matthew L. Seror (CA Bar No. 235043)
*Admission pro hac vice pending*
BUCHALTER, A P.C.
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
Tel: (213) 891-0700
E-mail: mseror@buchalter.com


## CERTIFICATE OF SERVICE

I, Daniel J. Dwyer, hereby certify that this document filed through the ECF system will be served electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be served by first class mail postage prepaid, to any participants indicated as non-registered on February 3, 2021.


*/s/ Daniel Dwyer* _____
Daniel J. Dwyer